**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| VICKIE L. NEWMAN, | : | |
| | : | Case No. 2:13-CV-1007 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| CANYON MEDICAL CENTER, INC. | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Canyon Medical Center, Inc.'s Motion to Enforce the Settlement Agreement and Dismiss all Claims (Doc. 7).  For the reasons set forth herein, Defendant's Motion to dismiss pursuant to the Settlement Agreement is **GRANTED** in part, and **DENIED** in part, and Defendant's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED.**

### II. BACKGROUND

Plaintiff is a former employee of Defendant Canyon Medical Center, Inc. ("Canyon Medical").  The reasons for her termination from Canyon Medical are unclear, but it appears that she was discharged for poor work performance.  (Doc. 10 at 4).  In any event, her termination resulted in an EEOC-negotiated Settlement Agreement and General Release ("Settlement Agreement") between Plaintiff and Defendant.  (*Complaint*, Doc. 4, ¶ 1).  Prior to the Settlement Agreement, in February 2013, Plaintiff alleges that Defendant was uncooperative with and provided unfavorable references to Plaintiff's prospective employers, refusing to answer

1

questions about Plaintiff and only offering to provide dates of Plaintiff's employment at Canyon Medical (Doc. 9-3 and 9-4).

On June 12, 2013, Plaintiff and Canyon Medical Center entered into the Settlement Agreement, wherein Plaintiff agreed to release Canyon Medical from any and all charges, claims, and lawsuits, past or present, arising from her employment with or termination from Canyon Medical.  (Doc. 7, Exhibit A, *Settlement Agreement*, ¶¶ 6, 7).  Specifically, the Settlement Agreement bars claims based on breach of contract or retaliation that in any way arise under or relate to Plaintiff's employment with or termination from Defendant.  (*Id.*, ¶¶ 6-7).

Moreover, the Settlement Agreement includes a confidentiality clause, which explicitly requires Plaintiff not to disclose any content of the Settlement Agreement.  (*Id.*, ¶ 10).  It states that Plaintiff "understands and agrees that she shall keep this Settlement Agreement and General Release and the disposition of these CLAIMS strictly and completely confidential.  [Plaintiff] shall not disclose this Settlement Agreement and General Release, its existence, or the terms thereof, to any person or entity, including, but not limited to, any current former, or future employee of [Defendant]."  (*Id.*).  This clause makes no reference to Defendant's obligations. (*Id.*).

On September 22, 2013, Plaintiff asserts that she was told by a former Canyon Medical employee that another former employee, "Robin," was told by a current Canyon Medical employee, that, "Vickie lied and got a lot of money from Canyon."  (*Complaint*, Doc. 4, ¶ 1).

On January 7, 2014, Plaintiff filed her Complaint, alleging three causes of actions[1]: (1) breach of contract, arising from the September 22, 2013 statement; (2) retaliation, arising from

---

[1] In Plaintiff's *Memorandum in Opposition to Defendant's Motion to Enforce the Settlement Agreement and Dismiss All Claims*, Plaintiff for the first time alleges duress.  (Doc. 9 at 4).  The Court will not consider a claim raised for the first time in the Plaintiff's reply memorandum.  "It is well-established that a party cannot raise new issues in a reply brief; he can only respond to arguments raised  for the first time in opposition."  *In re: Firstenergy Corp. Sec.*

the February 2013 events; and (3) defamation of character, relating to the alleged breach of contract and also arising from the September 22, 2013 statement.  (*Id.*, ¶¶ 1-2).  On January 30, 2013, Defendant Canyon Medical filed a motion to enforce the Settlement Agreement and, alternatively, a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 7).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), which allows for a case to be dismissed for "failure to state a claim upon which relief can be granted,"  "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus,* 404 F.3d 950, 958–59 (6th Cir. 2005).  Thus, the Court must construe the complaint in the light most favorable to the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 664, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions.  *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.  8(a)(2).  But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'"  *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct.

---

*Litig.*, 316 F. Supp. 2d 581, 599 (6th Cir. 2004) (citing *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (quoting *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001))).  Plaintiff's duress claim is not in response to any assertions in Defendant's Motion to Dismiss (Doc. 7), and therefore the Court will not address it further.

1955, 167 L. Ed. 2d 929 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## IV. ANALYSIS

Defendant Canyon Medical seeks to dismiss all of Plaintiff's claims on two alternative grounds: (1) Plaintiff's claims are barred by the Settlement Agreement; and (2) Plaintiff failed to state a claim on which relief can be granted and therefore the claims must be dismissed under Fed. R. Civ. P. 12(b)(6).

### A. Settlement Agreement

Defendant Canyon Medical moves for dismissal, alleging that the Settlement Agreement bars all three of Plaintiff's claims. Plaintiff contends, however, that the Settlement Agreement does not bar her claims because none of the claims are related to her employment or termination from Canyon Medical. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED** in part, and **DENIED** in part.

Under Ohio law, a settlement agreement "'is a contract designed to terminate a claim by preventing or ending litigation.'" *Kohus v. Graco Children's Prods., Inc.*, No. 1:09-CV-503, 2014 WL 1304855, at *3 (S.D. Ohio Mar. 31, 2014) (quoting *In re All Kelley & Ferraro Asbestos Cases*, 821 N.E.2d 159, 167 (2004)). Therefore, settlements and contractual releases are subject to "the rules generally applicable to contracts." *Id.* (citing *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982)). When the terms of the settlement are clear and unambiguous, its interpretation is a matter of law. *Lewis v. Mathes*, 161 Ohio App. 3d 1, 8 (2005)). Thus, "the intent of the parties is presumed to reside in the language they choose to employ in their agreement." *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 362 (1997). Moreover, broadly-worded releases are "generally construed to

include all prior conduct between the parties, even if the scope of such conduct or its damage is unknown." *Denlinger v. City of Columbus, Ohio Public School*, No. OOAP-315, 2000 WL 1803923, at *5 (Ohio Ct. App. Dec. 7, 2000).

In relevant part, the Settlement Agreement between Plaintiff and Defendant Canyon Medical reads:

> 6.      In exchange for the receipt of the above-referenced payments, as a material inducement to the Company…to enter into this Settlement Agreement and General Release, ***Employee irrevocably and unconditionally releases and forever discharges the Company… from each and every CLAIM of any nature whatsoever***, known or unknown, ***pending or not pending***, which Employee now has, owns, or holds, or claims to have, own or hold, or which he at any time heretofore, had, owned or held, or claimed to have had, owned, or held, against the Company…including, but not limited to, CLAIMS…that ***relate in any way to breach of contract,…or retaliation with respect to employment.***

> 7.      Employee acknowledges and agrees that the consideration set forth in Paragraph 2, above, constitutes full, final and complete satisfaction of any and call CLAIMS by Employee against the Company and all RELEASEES including, but in no way limited to, ***CLAIMS which exist or which may exist based on or in any way arising under or relating to Employee's employment with the Company or the termination thereof***.

(Doc. 7, Exhibit A, *Settlement Agreement*, ¶¶ 6, 10) (emphasis added).

### 1.   Breach of Contract and Defamation of Character

First, Plaintiff alleges that Canyon Medical breached the confidentiality clause of the Settlement Agreement by disclosing the content of the Settlement Agreement.  (*Complaint*, Doc. 4, ¶1).  Specifically, Plaintiff asserts that a current employee of Canyon Medical told a former employee, who told a current employee, who then told Plaintiff, that Plaintiff "lied and got a lot of money from Canyon."  (*Id.*).  Based on this statement and the alleged breach of the confidentiality clause, it appears that Plaintiff argues defamation of character.  (*Id.*).  Defendant

asserts that because the claim relates to Plaintiff's employment and termination from Canyon Medical, the Settlement Agreement bars both claims.  (Doc. 2 at 3).

The Settlement Agreement certainly bars "CLAIMS which exist or which may exist based on or in any way arising under or relating to Employee's employment with the Company or termination thereof," (*Settlement Agreement*, ¶ 7), including claims "that relate in any way to breach of contract."  (*Id.*, ¶ 6).  The current breach of contract claim, however, does not relate to Plaintiff's employment or termination from Canyon Medical.  Rather, it relates to the Settlement Agreement itself and obligations set forth therein.  The Settlement Agreement does not bar the Plaintiff from asserting a breach of contract claim against Defendant regarding the *current* contract.  Therefore, the Settlement Agreement does not bar the breach of contract or defamation claims and Defendant's Motion to Dismiss pursuant to the Settlement Agreement is **DENIED.**

### 2.  Retaliation Claim

Second, Plaintiff alleges that Canyon Medical provided negative work references to Plaintiff's prospective employers in a hostile manner.  (*Complaint*, Doc. 4, ¶ 2).  Plaintiff provides correspondence from prospective employers, which demonstrate that Canyon Medical was not responsive to their requests for information regarding Plaintiff and would only provide Plaintiff's dates of employment.  (Doc. 9-3; Doc. 9-4).  Defendant, however, contends that these events predated the Settlement Agreement and are thus barred.  (Doc. 2 at 3; Doc. 7 at 6).

In the Settlement Agreement, Canyon Medical released the Plaintiff from "each and every CLAIM of any nature whatsoever, known or unknown, pending or not pending…that relate in any way to…retaliation with respect to employment…."  (*Settlement Agreement*, ¶ 6).  The record demonstrates that Plaintiff's retaliation claims arise out of events that occurred *prior*

to the Settlement Agreement.  (Doc. 9-3; Doc. 9-4).  It therefore constitutes a claim that is "***known or unknown***, ***pending or not pending***, which Employee now has, owns, or holds, or claims to have, own or hold, or ***which he at any time heretofore, had, owned or held, or claimed to have had, owned or held, against the Company***…."  (*Settlement Agreement*, ¶ 6) (emphasis added).   Moreover, Plaintiff's retaliation claim directly relates to her employment and termination from Canyon Medical.  (*See Settlement Agreement*, ¶ 7).  It exclusively involves events that culminated in the Settlement Agreement and is therefore included.

Because the Settlement Agreement encompasses this retaliation claim, Plaintiff is barred from asserting her retaliation claim and Defendant's Motion to Dismiss pursuant to the Settlement Agreement is **GRANTED**.

### B.  Motion to Dismiss for Failure to State a Claim

Alternatively, Defendant Canyon Medical argues that Plaintiff failed to plead any plausible causes of action and therefore asserts that all three claims should be dismissed under Fed. R. Civ. P. 12(b)(6).  (Doc. 7).  Even if the Court found that none of Plaintiff's claims was barred by the Settlement Agreement, Defendant's motion to dismiss for failure to state a claim is **GRANTED.**

### 1.  *Breach of Contract*

First, Plaintiff asserts that Defendant breached the Settlement Agreement by allegedly disclosing confidential information to a third party.  (*Complaint*, Doc. 4, ¶1).  Specifically, Plaintiff asserts that a current employee of Canyon Medical told a former employee, "Robin," who told a current employee, who then told Plaintiff, that Plaintiff "lied and got a lot of money from Canyon."  (*Id.*).  Plaintiff argues that for this sequence of conversations to have occurred, Canyon Medical must have disclosed information about the Settlement Agreement to current

7

employees.  (Doc. 9 at 2).  The confidentiality clause, which Plaintiff argues that Defendant

breached, reads:

> 10.    **_Employee_** understands and agrees that she shall keep this
> Settlement Agreement and General Release and the disposition of
> these CLAIMS strictly and completely confidential.  **_Employee_**
> **_shall not disclose this Settlement Agreement and General_**
> **_Release, its existence, or the terms thereof, to any person or_**
> **_entity…_**As this litigation is a matter of public record, **_Employee_**
> may state that the matter has been "resolved" upon inquiry from
> any third party.

(Doc. 7, Exhibit A, _Settlement Agreement_, ¶ 10) (emphasis added).

As previously set forth, the law of contracts governs the interpretation of settlement

agreements.  (_See supra,_ Section IV. A.).  "Interpretation of the contract begins with the

language that the parties use."  _Van Horn v. Nationwide Prop. & Cas. Ins. Co._, No. 1:08-CV-

605, 2009 WL 1255115, at *5 (N.D. Ohio May 4, 2009).  Here, Plaintiff asserts a breach of the

confidentiality clause.  The language of the clause, however, only obliges Plaintiff, not

Defendant, to "keep this Settlement Agreement…strictly and completely confidential."

(_Settlement Agreement_, ¶ 10).  The confidentiality clause does not once reference Defendant or

Defendant's obligations.  Therefore, the clause bestows no similar duty of confidentiality onto

Defendant.  Consequently, Plaintiff's breach of contract claim fails.

Even if the confidentiality clause applied to the Defendant, Plaintiff's allegations, taken

as true, still fail to state a claim of breach of contract.  Plaintiff's claim is based on an attenuated

hearsay statement.  She asserts that a current employee of Canyon Medical told a former

employee, "Robin," that "Vickie lied and got a lot of money from Canyon."  (_Complaint_, Doc. 4,

¶ 1).  "Robin" then shared this statement with another former employee, who ultimately told

Plaintiff.  (_Id._).  Thus, Plaintiff heard this statement after it passed through three other people.

Plaintiff fails to allege that the confidentiality clause was in fact breached.  First, the statement does not violate the confidentiality clause.  Overly vague and lacking details, the statement does not disclose any of the terms of the agreement nor even reference the settlement.  There is no mention of money or of the allegations against Canyon Medical.  Second, Plaintiff does not attribute the statements to Canyon Medical.  Instead, Plaintiff asserts that "for a [sic] outside source to have *any* information relating to the settlement agreement…there is no doubt but that it came from within Canyon Medical Center."  (Doc. 9 at 2).  Plaintiff's suggestion that the only way someone would say that "Vickie lied and got a lot of money from Canyon" is if Canyon Medical disclosed the settlement to its employees is insufficient to allege breach of contract.  *See Extracorporeal Alliance, L.L.C. v. Rosteck*, 285 F. Supp. 2d 1028, 1041 (N.D. Ohio 2003) ("[Plaintiff's] suggestion of inevitable use of confidential information constitutes the full extent of its evidence on this claim and that is not enough to demonstrate a substantial likelihood of prevailing on this claim.").  It could very well be the case that an employee simply deduced that Plaintiff received money from Canyon Medical, as Plaintiff's EEOC charge is a matter of public record.  There is no allegation that the statement is attributable to Defendant.  Therefore, even if the confidentiality clause applied to Canyon Medical, which the Court finds it did not, Plaintiff failed to state a claim of breach of contract.

Accordingly, Defendant's Motion to Dismiss is **GRANTED** with respect to Plaintiff's breach of contract claim.

### 2.  *Defamation of Character*

Related to the breach of contract claim (*see supra,* Section IV. B. 1), Plaintiff also asserts defamation.  (*Complaint*, Doc. 4, ¶ 2).  Specifically, she alleges that Defendant stated, "Vickie lied," which is false and defamatory in nature, to a third party, harming Plaintiff.  (*Id.*).

Defamation is a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting him adversely in his trade or business.  *See Matalka v. Lagemann,* 21 Ohio App.3d 134, 136, 486 N.E.2d 1220 (1985).  In order to prevail on a defamation claim under Ohio law, a plaintiff must be able to show four elements: "(1) a false and defamatory statement concerning another, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence by the publisher, and (4) either the actionability of the statements regardless of special harm or the existence of special harm caused by the publication."  *Jackson v. City of Columbus*, 194 F.3d 737, 757 (6th Cir. 1999).

Whether a statement is defamatory within the contemplation of this first prong is a question of law for the court to decide.  *Yeager v. Local union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666, 669 (1983) (holding that "it is for the court to decide as a matter of law whether certain statements alleged to be defamatory are actionable or not."); *Early v. Toledo Blade*, 130 Ohio App.3d 302, 720 N.E.2d 107, 120 (1998) (noting that the "court must decide as a matter of law whether a statement is defamatory"); *Stow v. Coville*, 96 Ohio App..3d 70, 644 N.E.2d 673, 676 (1994) (noting that "[i]t is a question of law whether a statement is capable of carrying a defamatory meaning.").  Moreover, expressions of opinion are generally protected by the First Amendment and therefore are not proper bases for a defamation claim.  *Scott v. News-Herald*, 496 N.E.2d 699, 705 (1986).

In this case, the allegedly defamatory statement is "Vickie lied."  (*Complaint*, Doc. 4, ¶ 1).  The Court does not find that, taking the Plaintiff's allegations as true, such a statement "reflect[s] injuriously on a person's reputation, exposing [that] person to public hatred, contempt, ridicule, shame or disgrace…." *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio*

*Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1289, 1289 (1995).  Rather, the statement is merely an opinion.  *See Scott v. News-Herald*, 496 N.E.2d at 705.  Plaintiff was not accused of committing a crime, a reasonable person would not believe the statement "has specific factual content," and the subjective nature of the comment supports the finding that it is an opinion.  *See Id.* (providing a framework of analyzing when a statement is a protected opinion versus an actionable defamatory statement).

Second, while Plaintiff alleges that Defendants published this statement to a third party, she has not attributed the statement to Defendant.  Merely asserting that the fact that someone said "Vickie lied" means that Defendant published the statement is insufficient.  (*See supra*, Section IV. B. 1).

Third, while Plaintiff merely states that "the Defendant acted with the requisite degree of fault" (Doc. 9 at 3), she also alleges recklessness and malice in regards to the statement.  (Doc 9 at 2).  Because the statements are not attributable to Defendant, however, Plaintiff has failed to allege that the Defendant acted negligently, recklessly or maliciously.

Finally, element four of a defamation claim leads the Court to an examination of the distinction between defamation *per se* and defamation *per quod*.  For a statement to constitute defamation *per se*, it must be "defamatory on its face and by the very meaning of the words…" *Fenley v. Bowman*, No. CA98-02-013, 1998 WL 526516, at *2 (Ohio Ct.App. Aug. 24, 1998) (citing *McCartney v. Oblates of St. Francis deSales*, 80 Ohio App.3d 345, 609 N.E.2d 216, 222 (1992)) (explaining that "[s]lander *per se* means that the slander is accomplished by the very words spoken.")).  In order for a remark to be considered defamatory *per se*, "it must consist of words which import an indictable criminal offense involving moral turpitude or infamous punishment, impute[ ] some loathsome or contagious disease which excludes one from

11

society[,] or tend[ ]  to injure one in his trade or occupation." *McCartney*, 609 N.E.2d at 222.

Defamation *per quod*, on the other hand, is defined as defamation "determined by the

interpretation of the listener, through innuendo…" *Id.*  In Ohio, "if a publication is not

[defamatory] *per se*, such publication is not actionable in the absence of pleading and proof of

special damages.  An action for [defamation] *per quod* can be maintained only with allegations

and proof of special damages." *Sheppard v. Stevenson*, 1 Ohio App.2d 6, 203 N.E.2d 507, 509

(1964) (citing *Cleveland Leader Printing Co. v. Nethersole*, 84 Ohio St. 118, 95 N.E. 735

(1911)).

In the matter *sub judice*, the complained-of statement, on its face, is not a charge of

criminal activity, loathsome disease, or professional malfeasance.  Therefore, it does not amount

to defamation per see.  *See McCartney*, 609 N.E.2d at 222.  It is only through the "interpretation

of the listener, through innuendo," *id.*, that the remark can adopt its defamatory implication.

Thus, the statement is at worst defamation *per quod*.  *See id.*

In order to state a claim for defamation *per quod* in Ohio, the plaintiff must allege

special damages.  *Sheppard*, 203 N.E.2d at 509.  Special damages are damages *beyond* a stained

reputation; they are "those direct financial losses resulting from the plaintiff's impaired

reputation." *Hampton v. Dispatch Printing Co.*, No. 87AP-1084, 1988 WL 96227, at *2 (Ohio

Ct.App. Sept. 13, 1988) (citing *Moore v. P.W. Publ'g Co.*, 3 Ohio St.2d 183, 209 N.E.2d 412

(1965).  Special damages are not pled sufficiently where the plaintiff's allegations "'do not

show any loss or injury actually suffered as a direct consequence of an impaired reputation.'"

*Elec. Furnace Corp. v. Deering Milliken Research Corp.*, 383 F.2d 352, 356 (6th Cir. 1967)

(quoting *Bigelow v. Brumley*, 37 N.E.2d 584, 594 (1941)).  Nor may a jury "lawfully

compensate the plaintiff for pain, mental anxiety, or general loss of reputation, in cases where

the words are not actionable themselves, but must confine the assessment to the actual pecuniary loss strictly all alleged and proved." *Id.* (quotation omitted); *see also Penn v. Rockwell Int'l Corp.*, Nos. C-2-86-992, C-2-87-98, 1988 WL 149613, at *9 (S.D. Ohio Oct. 18, 1988) (noting that "emotional distress and mental anguish [are not special damages as] contemplated by Ohio law.").

Here, Plaintiff fails to allege any special damages in her complaint (*see Complaint*, Doc. 4), but in her Memorandum in Opposition to Defendant's Motion to Dismiss, she alleges that "as a result of Defendant [sic] slander [Plaintiff] has suffered damages included [sic] but not limited to emotional distress and anxiety." (Doc. 9 at 3). Thus, Plaintiff clearly failed to plead special damages and therefore failed to state a claim for defamation *per quod*.

Accordingly, Defendant's Motion to Dismiss is **GRANTED** with respect to Plaintiff's defamation claim.

### 3. Retaliation Claim

Lastly, Plaintiff asserts a retaliation claim against Defendant, alleging that Defendant refused to give references to prospective employers and gave information in a hostile manner. (*Complaint*, Doc. 4, ¶ 2). Plaintiff provides two examples of the alleged retaliation. (*See* Doc. 9-3 and 9-4).

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate that: (1) he engaged in a legally protected activity; (2) that the defendant knew of this exercise of his protected rights; (3) that the defendant consequently took adverse action against the plaintiff; and (4) that there is a causal connection between the protected activity and the employment action. *Strouss v. Mich. Dep't of Corrections*, 250 F.3d 336, 342 (6th Cir. 2001). Defendant challenges the sufficiency of Plaintiff's claim with respect to the third prong.

13

Here, Plaintiff provides support to demonstrate that Defendant "was very hostile and refused to answer [prospective employer's] questions. [Defendant's representative] quickly stated she would only provide dates of employment and further would not re-hire [Plaintiff]." (Doc. 9-4 at 1); (*see also* Doc. 9-3 at 1). Defendant argues that this allegation is insufficient to state a claim of retaliation because Defendant is not obliged to provide a positive work reference for employees who were discharged for poor performance. (Doc. 10 at 4).

The Court finds that Plaintiff failed to state a claim of retaliation. While Plaintiff did engage in a protected activity by filing an EEOC complaint and the Defendant knew of this action, she did not allege that the Defendant was unwilling to provide work references as a result of that action. In fact, Plaintiff merely states, "As the Settlement Agreement has been breached I wish to file suit in regards to retaliation." (*Complaint*, Doc. 4, ¶ 2). Plaintiff therefore does not assert an independent claim of retaliation, but merely re-alleges a previous retaliation claim, which has been settled in the Settlement Agreement. (*See supra,* Section IV. A. 2.). Accordingly, even if Defendant's Motion to Dismiss the retaliation claim pursuant to the Settlement Agreement was denied, Defendant's Motion to Dismiss for failure to state a claim is **GRANTED.**

## V.  CONCLUSION

For the forgoing reasons, Defendant's Motion to dismiss pursuant to the Settlement Agreement is hereby **GRANTED** in part, and **DENIED** in part and Defendant's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is hereby **GRANTED.**

**IT IS SO ORDERED.**

   **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 15, 2014**